## Blanche v. Sunset Farms Realty Corporation, Inc.

*William F. Moran, Jr.,* for plaintiff.
*Thomas Stitt,* for defendants.

FRANCIOSA, J., December 20, 1971.—This matter is before the court on preliminary objections of defendants, Sunset Farms Realty Corporation, Inc., and John Sisco, in the nature of a demurrer.

Defendants challenge the sufficiency of an amended complaint in a suit in trespass wherein plaintiff, a real estate broker, seeks damages from a vendee of real estate by reason of such vendee's negotiating a direct purchase from the vendors, thus interfering with a prospective economic gain by plaintiff in the form of his anticipated commission from the vendors.

From the allegations in the amended complaint, which we must, for the purposes of ruling on the demurrer, assume to be true, it appears that plaintiff, on or about May 24, 1970, entered into an oral arrangement with Elmer E. Hill and Hilda, his wife, for the sale of certain real estate. Under the terms of the alleged oral agreement, the Hills gave plaintiff a nonexclusive right to act as their agent for the sale of a 108-acre farm owned by them in Washington Township. It was also agreed that plaintiff would be paid a commission equal to 10 percent of the gross sale price of the farm; however, under no circumstances were the vendors (the Hills) to receive less than $60,000 after payment of plaintiff's brokerage commission.

In attempting to produce a buyer, plaintiff contacted defendant, John Sisco, president of Sunset Farms. Plaintiff told Sisco that he had been employed by the Hills to secure a purchaser for the farm and that the asking price for the property was $72,000. After this conversation, plaintiff exhibited the farm to defendant, Sisco, on November 19, 1970, and again on November 20, 1970. On the latter date, Sisco informed plaintiff that the corporate defendant, Sunset Farms, was interested in purchasing the farm.

According to the amended complaint, however, on

December 30, 1970, Sisco met with the Hills without advising plaintiff. There are allegations that during his direct negotiations with the vendors, Sisco fraudulently misrepresented to them that he had learned the farm was for sale from an adjacent property owner. Additional allegations set forth Sisco's intentional failure to make the following disclosures to the Hills' (1) that he had actually acquired knowledge of the availability of the farm on November 18, 1970, when he was first approached by the plaintiff; (2) that he had full knowledge of plaintiff's existing oral nonexclusive sales arrangement with the Hills; and (3) that plaintiff, acting as the Hills' agent, had developed his interest in the farm by exhibiting it to him on two occasions.

On December 30th, at the conclusion of the direct negotiations, the Hills entered into a written agreement to convey the farm to defendant, Sunset Farms, for a total purchase price of $60,000.

In taking the position that "Plaintiff's Amended Complaint does not state a Cause of Action" against them, defendants question plaintiff's right to enforce the oral agreement against the vendors,[1] nonetheless, they argue that if plaintiff has a cause of action it lies against the Hills.

Defendants' contentions that "plaintiff has brought suit against the wrong persons" must be rejected. Their argument overlooks the tort formulated thusly in the Restatement of Torts, §766:

". . . one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a)

---

[1] Since there is no allegation in the amended complaint that plaintiff produced a buyer willing to pay more than $60,000 for the farm, defendants cite authorities denying the payment of a commission where the broker undertakes a special task and he fails to perform that task.

perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby."

Although the Supreme Court recognized that there well may be difficult problems of proof, it accepted and applied section 766 to a suit in trespass brought by a real estate broker against a purchaser of real estate. As our Supreme Court has put it in Glenn et al. v. Point Park College, 441 Pa. 474, 272 A. 2d 895, "the broker may recover when the jury is satisfied that but for the wrongful acts of the defendant it is *reasonably probable* that the plaintiff would have effected the sale of the property and received a commission."

It is true that in Glenn, supra, the order of the lower court sustaining preliminary objections to the complaint was affirmed. There, the complaint failed to aver a basis, either existing or prospective, for a brokerage relationship between plaintiff and the vendor. Without such allegations, the Supreme Court concluded that the complaint, as drafted, did not negate the existence of privilege on the part of defendant. Significantly, however, the order of the court below was reversed insofar as it dismissed the complaint. Instead, the Supreme Court permitted plaintiff to make a third attempt at stating a cause of action in trespass for the tortious interference with his prospective contractual relation with the vendor.

Here, the amended complaint sufficiently avers the absence of privilege or justification. Paragraphs four and five assert that plaintiff had an oral contract with the Hills for the purposes of selling their farm. Such allegations show a brokerage relationship between plaintiff and vendors rather than the mere volunteer situation which developed between plaintiff and the prospective purchaser in the Glenn case.

In addition, the Restatement of Torts, §768, Privilege of Competitor, provides:

"(1) One is privileged purposely to cause a third person not to enter into or continue a business relation with a competitor of the actor if . . . (b) the actor does not employ improper means, . . . "

The amended complaint contains allegations indicating that defendant, Sisco, fraudulently concealed plaintiff's part in the sales transaction at the time he negotiated directly with the Hills. Since these allegations charge defendant with employing improper means, the amended complaint as presently drafted does negate the existence of privilege on the part of defendant.

We then come to the remaining elements which a plaintiff must allege in order to make out a cause of action for interference with a prospective contractual relationship. This court has recently discussed the necessary elements. In Scherman v. Calantoni et al., October term, 1970, no. 8 (Civil Division),[2] it was held that a plaintiff must allege (1) a prospective contractual relation between plaintiff and a third party; (2) the purpose of intent to harm plaintiff by preventing the relationship from occurring; (3) the absence of privilege or justification on the part of defendant; (4) the occurrence of actual harm to plaintiff as a result of defendant's conduct.

Scrutinizing the amended complaint before us, we think it sufficiently pleads the above four requisite elements of the tort of interference with a prospective contractual relation.

Finally, defendants' contention that the amended complaint should be dismissed for failure of plaintiff

---

[2] Opinion written by President Judge Clinton Budd Palmer.

to comply with certain regulations of the Pennsylvania Real Estate Commission is completely without merit.[3]

For these reasons, the preliminary objections in the nature of a demurrer must be denied and dismissed.

## ORDER OF COURT

And now, December 20, 1971, the preliminary objections of defendants, Sunset Farms Realty Corporation, Inc., and John Sisco, in the nature of a demurrer to plaintiff's amended complaint are denied and dismissed. Defendants are given leave to file an answer to the amended complaint within 20 days if they care to do so.

[3] Defendants refer to section 15.1 of the rules and regulations which require contracts regarding real estate transactions to be in writing. The rules and regulations pertain to proceedings under the Real Estate Broker's Licensing Act.